James Edward JONES, Appellant,

v.

STATE of Missouri, Respondent.

No. 57943.

Supreme Court of Missouri,
Division No. 2.

March 11, 1974.

Carter & Newmark, by J. B. Carter, David R. Swimmer, Clayton, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, David Robards, Asst. Atty. Gen., Jefferson City, for respondent.

HENLEY, Presiding Judge.

On December 1, 1969, James Edward Jones (hereinafter movant), represented by counsel, entered pleas of guilty to six felonies[1] and was sentenced to imprisonment for fifteen years. Thereafter he filed a motion to vacate and set aside these judgments and sentences and for leave to withdraw his pleas of guilty. Rules 27.26 and 27.25.[2] Counsel was appointed to represent movant and thereafter an amended motion was filed. On August 12, 1971, after an evidentiary hearing, the court made and filed findings of fact and conclusions of law and entered an order overruling the motion. Movant has appealed. We affirm.

■ We are met at the outset with questions concerning whether we have appellate jurisdiction of this case. The state takes the position that we do not and that the case should be transferred to the court of appeals, because, it says, the notice of appeal was not filed until May 26, 1972, after the effective date of the 1970 amendment to Article V of the state constitution, V.A.M.S. We notice, sua sponte, a more crucial jurisdictional question: whether the notice of appeal was filed in time to vest appellate jurisdiction in either this court or the court of appeals. Rule 81.04 (formerly Rule 82.04).

A notice of appeal dated August 19, 1971, was tendered for filing and marked by the circuit clerk as "received" on August 24, 1971, but was not filed because movant, an indigent, did not deposit the docket fee as required by Rule 81.04. On the same day, August 24, 1971, movant filed his motion seeking leave to appeal in forma pauperis. However, the motion was not ruled upon until approximately nine months later, on May 26, 1972. On that day the motion was sustained, leave granted to appeal in forma pauperis, and the notice of appeal was by the circuit clerk marked "filed," and filed.

Rule 27.26(j) provides that an order overruling a motion under the rule is a final judgment for purposes of appeal. Rule 81.05(a) provides that "[f]or the purpose of ascertaining the time within which an appeal may be taken, a judgment becomes final at the expiration of thirty days after the entry of such judgment, if no timely motion for a new trial is filed." No motion for new trial was filed and, in this court-tried civil case, none was required to be filed. Hence, under Rules 81.05(a) and 81.04 movant had forty days from August 12, 1971, within which to file his notice of appeal. He did all he could do within that time. He tendered his notice of appeal for filing and he filed his motion for leave to appeal in forma pauperis twelve days[3] after entry of the order from which he sought to appeal, and had the court ruled on the forma pauperis motion within the forty days with the same result it reached when it did rule some nine months later, movant's notice of appeal would have been timely filed.

We hold that in these circumstances the order entered May 26, 1972, granting movant leave to appeal in forma pauperis, and the filing on that day of movant's notice of appeal, related back to the date the notice

---

1. Three charges of assault with intent to rob with malice aforethought and two charges of assault with intent to kill with malice aforethought (§ 559.180, RSMo 1969, V.A.M.S.) for each of which he was sentenced to imprisonment for fifteen years, the sentences to run concurrently; and, one charge of exhibiting a dangerous and deadly weapon in a rude, angry and threatening manner (§ 564.610, RS Mo 1969, V.A.M.S.) for which he was sentenced to imprisonment for five years, this sentence to run concurrently with the other sentences.

2. References to rules are to Missouri Supreme Court Rules and V.A.M.R.

3. See Rule 81.05(b).

of appeal was tendered for filing. Appellate jurisdiction is, therefore, in this court.

The sole point presented for review is whether movant's pleas of guilty to these six charges were made voluntarily with understanding of the nature of the charges. Rule 25.04. Other grounds raised in movant's motion and considered by the trial court are not briefed in this court and are, therefore, abandoned. Movant asserts that the record of the plea proceedings does not demonstrate that such inquiry was made of him at that time from which the court could determine whether the pleas were voluntarily and understandingly made; therefore, he contends, the pleas were accepted contrary to Rule 25.04 and must be set aside. He contends also that a determination of whether the pleas were voluntarily and understandingly made should be based wholly on the record of the plea proceedings unassisted by evidence presented in a proceeding under Rule 27.26.

This court has held in several cases that in determining this question the trial court is not limited to the record of the plea proceedings, but may consider also evidence produced at a hearing on the post-conviction motion. State v. Mountjoy, 420 S.W.2d 316, 324 [9] (Mo.1967); State v. Grimm, 461 S.W.2d 746, 752 [2] (Mo. 1971); Drew v. State, 436 S.W.2d 727, 729 [6] (Mo.1969); Brodkowicz v. State, 474 S.W.2d 822, 828–829 [6] (Mo.1971).

The trial court considered a transcript of the record of the plea proceedings admitted in evidence on the hearing of this motion as well as evidence presented at this hearing, consisting of the testimony of movant and testimony of the attorney who represented him at the time the pleas of guilty were entered. The court found and concluded that these pleas were voluntarily entered with an understanding of the nature of the charges. Movant does not attack the factual basis of the court's finding based on the record of the plea proceedings plus evidence presented at this hearing;

hence, we will not lengthen further this opinion with even a brief narrative of the evidence. It is sufficient to say that our review of the record persuades us that the findings, conclusions and judgment of the trial court are not clearly erroneous.

The judgment is affirmed.

All of the Judges concur.