FIFTH DIVISION

August 3, 2001

Nos. 1-99-3612, 1-00-0117, consolidated

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Cook County.

)

) No.  95 CR 27838

)

PATRICK McLAUGHLIN, ) Honorable

) Edward M. Fiala, Jr.,

Defendant-Appellant. ) Judge Presiding.

JUSTICE GREIMAN delivered the opinion of the court:

Defendant was convicted of first degree murder after a jury trial and sentenced by the court to 40 years' imprisonment.  This court affirmed his conviction and sentence in an unpublished order (
People v. McLaughlin
, No. 1-96-2250 (1997)) (unpublished order under Supreme Court Rule 23).  Thereafter, defendant filed a 
pro se
 post-conviction petition.  See 725 ILCS 5/122-1 (West 1998).  Although it is not clear from the record or either party's briefs, the trial court apparently reviewed the petition and found it to state the gist of a constitutional claim.  Pursuant to section 122-2.1(b) of the Post-Conviction Hearing Act (Act), the court then "order[ed] the petition to be docketed for further consideration in accordance with Sections 122-4 through 122-6."  725 ILCS 5/122-2.1(b) (West 1998). 

Defendant then retained counsel, who filed an appearance and requested additional time to file a post-conviction petition.  The State filed a motion to dismiss the original petition, and defendant's counsel then filed an amended post-conviction petition.  The State then filed an amended motion to dismiss the amended petition.  The trial court heard arguments on the motion and dismissed the petition on the ground that it was untimely.  Defendant filed a notice of appeal and then filed a 
pro se
 petition for postjudgment relief pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 1998)), which was also denied.  Defendant also filed a notice of appeal from that petition, and this court granted defendant's motion to consolidate the two appeals.  For the reasons that follow, we affirm the trial court's decision to dismiss all of defendant's postjudgment motions.

Defendant was found guilty of first degree murder for the shooting of Jimmy Holmes following a jury trial on February 15, 1996.  On June 3, 1996, he was sentenced to 40 years' imprisonment in the Illinois Department of Corrections.  This court affirmed his conviction and sentence on April 25, 1997, and on October 8, 1998, defendant filed a 
pro se
 post-conviction petition.  Attached to the petition was the affidavit of Kahlil Rowe (Rowe), an eyewitness who identified the defendant as the shooter during trial.  The substance of Rowe's affidavit was that he did not see the defendant with a gun and that police detectives who were at defendant's lineup told Rowe that someone was going to "go down" for the murder and accused Rowe of hiding the gun on the night of the crime.  Accordingly, defendant's claim was one of actual innocence where the only testimony against him was perjured.  Defendant also attached the affidavits of Leonard Phillips and Chimere Jackson, which alleged that defendant was across the street when the shooting occurred and that the shot sounded as if it had come from around the area where the actual shooting had occurred.  Phillips' affidavit was dated September 3, 1998, and Jackson's was dated September 8, 1998.  Defendant also claimed that his trial counsel was ineffective for failing to interview and call occurrence witnesses, but he only attached his own affidavit in support of that claim.  As previously stated, the trial court apparently found the petition stated the gist of a constitutional claim and docketed it for further consideration.  In other words, defendant made it past the first stage of post-conviction review.

On January 8, 1999, defendant's current attorney filed an appearance and requested additional time to file a post-conviction petition.  Thereafter, defendant's counsel then filed an amended post-conviction petition, alleging that the statute of limitations in the Act was unconstitutional, that defendant's claim of perjured testimony could be considered under section 2-1401 as well as under Public Act 90-141 (Pub. Act 90-141, eff. January 1, 1998), that defendant's trial counsel was ineffective where he failed to interview and present the testimony of occurrence witnesses who could not identify the defendant as the shooter, for failing to move to suppress the identification testimony where defendant was arrested without probable cause, and for failing to request a limiting instruction regarding the threatening phone calls to Rowe.  The amended petition further alleged that Rowe's retraction and the affidavits of Jackson and Phillips supported a claim of actual innocence.  Attached to the amended petition were the affidavits of the three witnesses, a copy of the police reports, and defendant's affidavits.
(footnote: 1)
 On August 11, 1999, the State filed a motion to dismiss the amended petition, arguing that the statute of limitations barred defendant's claims, that the statute of limitations was constitutional, that Rowe's retraction did not qualify as newly discovered evidence, and that defendant made no showing that testimony was perjured.  On September 9, 1999, the trial court heard arguments on the motion and dismissed it as being untimely.  On September 29, 1999, defendant filed a notice of appeal.

On October 20, 1999, defendant filed a 
pro se
 petition for postjudgment relief pursuant to section 2-1401, alleging that Rowe came forward as of February 8, 1998.  Defendant attached the same affidavits from Rowe, Jackson, and Phillips that had been used in his previous petition.  In that petition, however, he alleged that he was entitled to relief because Rowe, Chicago police detectives, and the State's Attorney's office fraudulently concealed Rowe's perjured testimony both before and after trial.  Further, it alleged that defendant had been diligently attempting to obtain information to show his actual innocence and that through no fault of his own has he contributed in the delay of this petition being filed.  On November 2, 1999, that petition was denied, and the order entered was "off call."  Defendant filed his appeal of this order on December 2, 1999, and on or about July 20, 2000, defendant's attorney moved to consolidate the two appeals.  On August 9, 2000, this court allowed the motion and consolidated the two cases.

While defendant argues the merits of both his amended post-conviction petition as well as his section 2-1401 petition, we note that both petitions were dismissed, not on their merits, but based on their untimeliness.  Accordingly, we must first decide whether the trial court's decision to dismiss those petitions was correct.  Ultimately, we find that: (1) the portion of defendant's amended post-conviction petition brought pursuant to section 122-1 of the Act was time-barred under section 122-1(c); (2) the portion of defendant's amended post-conviction petition that invoked section 2-1401's provisions was time-barred under section 2-1401(c); and (3) defendant's subsequent 
pro se
 section 2-1401 motion was also time barred under section 2-1401(c).  Consequently, we affirm on that basis alone and do not address the substance of defendant's claims.  As a preliminary matter, the standard of review as to whether a post-conviction proceeding may be dismissed without an evidentiary hearing is 
de novo
.  
People v. Coleman
, 183 Ill. 2d 366, 388-89 (1998).

It is uncontested that the statute of limitations that was in effect at the time the defendant filed his post-conviction petition governs his claim (
People v. Bates
, 124 Ill. 2d 81 (1988)) and provides in pertinent part:

"No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed or *** 3 years from the date of conviction, whichever is sooner, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence."  725 ILCS 5/122-1(c) (West 1998).

Defendant's first argument is that the trial court erred when it dismissed his post-conviction petition based on the statute of limitations in the Act because the statute, as applied, is unconstitutional.  For this, defendant notes that he was sentenced to 40 years on June 3, 1996.  Had he chosen not to proceed with an appeal, under section 122-1(c) of the Act, his 
pro se
 post-conviction petition would have been due on June 3, 1999.  725 ILCS 5/122-1(c) (West 1998).  However, because he chose to directly appeal, and this court affirmed on April 25, 1997, he only had until November 16, 1997–  six months after the petition for leave to appeal to the Illinois Supreme Court was due.  Such a disparity in time, he claims, violates his constitutional rights in that it punishes him for having appealed his case by shortening the time period within which he could file his post-conviction petition.  

He bases this argument on the notion that punishing or penalizing a defendant for invoking or exercising a constitutional right violates due process.  U.S. Const., amend. XIV.  For this, he quotes 
United States v. Jackson
, 390 U.S. 570, 20 L. Ed. 2d 138, 88 S. Ct. 1209 (1968).  There, the Supreme Court found that the death penalty provision of a federal kidnaping act was unconstitutional, where the death penalty could only be levied by a jury, which imposed an impermissible burden upon a defendant's right to a jury trial.   He accords this with the Court's opinion in 
Simmons v. United States
, 390 U.S. 377, 19 L. Ed. 2d 1247, 88 S. Ct. 967 (1968).  There, the Court found it "intolerable that one constitutional right should have to be surrendered in order to assert another."  
Simmons
, 390 U.S. at 394, 19 L. Ed. 2d at 1259, 88 S. Ct. at 976.

Alternatively, he claims that the limitations period of the Act denies him equal protection of the law because "it sets a timetable that irrationally treats differently[ ] people in essentially the identical situation."  Such an allegedly irrational set-up, he claims, is unconstitutional.  For this, he cites 
Haughton v. Haughton
, 76 Ill. 2d 439 (1979).  There, the Illinois Supreme Court found that a statute of limitations tolling provision was unconstitutional as a denial of equal protection.  See also 
Jude v. Morrissey
, 117 Ill. App. 3d 782 (1983) (limitations period of Illinois Paternity Act (Ill. Rev. Stat. 1981, ch. 40, par.1351 
et seq.
) denied certain children the equal protection of the laws).  Given the language of these opinions, defendant claims, "the statutory provisions here attacked rest on impermissible distinctions that do not serve any legitimate State interest or have any rational basis."

By way of example, defendant notes that if a person convicted on January 2, 1995, opts to appeal that decision, and his appeal is denied a little more than a year later, and he has an additional six months after his petition for leave to appeal (PLA) is denied or after the time for filing his PLA has expired, then that person has little over a year and a half from the date of conviction within which to file his post-conviction petition.  However, if a person convicted on January 2, 1995, does not proceed with an appeal, he has three years within which he may file a post-conviction petition.  In addition, he claims that because one person may have his appeal completed in a shorter time than another person, a person whose appeal took longer would have an arbitrarily longer time to file his post-conviction petition.  This, he argues, leaves the time period totally dependant on the length of the appellate process, "which is entirely a matter of fate and is not in the hands of the defendant."

The State correctly responds that statutes carry a very strong presumption that they are constitutional as written, and the party challenging the constitutionality of a statute bears the burden of rebutting this presumption.  
Russell v. Department of Natural Resources
, 183 Ill. 2d 434 (1998).  Moreover, the State notes that defendant has not argued that the challenged provision involves a suspect class or a fundamental right.  Therefore, in order to establish that this provision violates the equal protection or due process clause of the fourteenth amendment, he must demonstrate that there is no rational relationship between the classification in the statute and a legitimate government purpose.  See 
Heller v. Doe
, 509 U.S. 312, 319-20, 125 L. Ed. 2d 257, 270, 113 S. Ct. 2637, 2642 (1993).  Further, the State notes that a legislative classification that does not affect fundamental rights or proceed along suspect lines will be accorded a strong presumption of validity.  
Heller
, 509 U.S. at 320, 125 L. Ed. 2d at 270, 133 S. Ct. at 2642.  The burden is on the petitioner to negate every conceivable basis that might support the legislation, whether or not the basis has a foundation in the record.  
Heller
, 509 U.S. at 320, 125 L. Ed. 2d at 270, 133 S. Ct. at 2642.

We are mindful that the identical argument raised by defendant's current counsel was rejected in the United States District Court for the Northern District of Illinois in 
United States ex rel. Rice v. Haws
, No. 00 C 3997 (October 6, 2000).  The court in 
Rice
 found the defendant's argument was frivolous because he was unable to show that there was no rational relationship between the classification in the statute and a legitimate government purpose.  Specifically, it held:

"[Defendant] has not met [his] burden.  He alleges that the statute treats identically-situated individuals differently.  However, the individuals treated differently by the statute are not identical.  One group has chosen to pursue a direct appeal, while the other has not. [Defendant] further argues that the different treatment of these two groups is irrational.  Without presuming to know why the Illinois legislature chose to make the distinction it did, there are many rational reasons upon which a distinction may be made between individuals who have chosen to pursue a direct appeal and those who have chosen not to.  Choosing to pursue a direct appeal consumes state time and resources, and provides a defendant with an opportunity for judicial review.  Allowing those who do not file a direct appeal a longer period to seek post-conviction relief is rational.  This is only one potential basis upon which the legislation may have been founded, but it is enough. [
Heller
], at 319 (classification must be upheld if any reasonable conceivable state of facts could provide a rational basis for classification). [Defendant's] argument that 725 ILCS 5/122-1(c) violates due process and equal protection must be rejected."  
Rice
, slip op. at __.

In a footnote, the court also quoted another Supreme Court decision: "‛It is entirely irrelevant for constitutional purposes whether the conceived reason for the challenged distinction actually motivated the legislature.'  
FCC v. Beach Comm., Inc.
, 508 U.S. 307, 315 (1993)."  
Rice
, slip op. at __.

While we certainly are not bound by the district court's decision in 
Rice
, we really only need to determine whether that court's conceived reason for the challenged distinction is rational.  We find that it is, and affirm the trial court's dismissal of defendant's petition on the basis of that persuasive authority alone.  However, even if we did not hold that such a reason was rationally related, we believe that such a relationship also exists in two additional theories put forward by the State.  First, the State claims that defendants who directly appeal have the benefit of having discussed their claims with appellate counsel and will then be able to flush out any claims that they feel are meritorious but perhaps not appropriate for direct appeal.  As such, the State claims that it is rational to presume that those who have directly appealed and have had the benefit of counsel are more aware of the potential theories of relief under the Act than those who did not pursue an appeal.  Second, the State argues that the statute of limitations provision contains a "safety valve" that is unique to the Act.  Specifically, to avoid the effect of the shorter limitations period to which defendant was subjected by the reason of the timely disposition of his direct appeal, he need only have alleged facts justifying the delay in filing.  
People v. Harrison
, 32 Ill. App. 3d 641 (1975).  In the present case, defendant has alleged none.

Moreover, it appears that the flat three-year statute of limitations that defendant is proposing would also have the effect of creating a distinction among defendants.  For even if the legislature changed the law tomorrow and mandated that every defendant has three years from the date of his or her conviction, this could potentially take away a defendant's right to have an appeal heard and decided before filing a post-conviction petition if the appellate process takes longer than three years.  It seems rational that this is precisely the type of situation the legislature meant to avoid.  As such, we affirm the trial court's decision to dismiss defendant's petition as time-barred.

Next, defendant claims that his amended pleadings rely on two distinct grounds for postjudgment relief in addition to his post-conviction petition.  Namely, defendant asserts that he has a freestanding claim of innocence under section 116-3 of the Code of Criminal Procedure of 1963 (725 ILCS 5/116-3 (West 1998)) and under section 2-1401.  Regarding defendant's actual innocence, section 116-3 provides procedures to move for fingerprint or forensic testing that was not available at trial.  In invoking this provision, defendant claims that "certainly relief may not be limited only to those wrongfully-convicted defendants whose convictions involve fingerprint or forensic evidence."  He then attempts to make a "rational relationship" argument, stating that this statutory protection discriminates against those who do not have fingerprint or forensic evidence available to exonerate them.  Accordingly, he claims that this should operate to "de-activate" the limitations period of the Act.

As the State points out, however, defendant makes no attempt to support this assertion.  Initially, he makes no suggestion that identity was the issue which resulted in his conviction or that any new forensic or fingerprint testing could exonerate him.  This, by itself, is enough for us to ignore this entreaty.  725 ILCS 5/116-3 (West 1998).  However, even if we were to look past the form of the argument and into its substance, 
i.e.
, that newly available evidence exists that could exonerate him (the recantation evidence), defendant still offers no explanation that justifies his delay in filing.  As previously noted, if defendant were to have made a showing that such evidence was delayed through no culpable negligence of his own, then such an assertion 
would
 operate to deactivate the statute of limitations.  Because defendant has not offered any such support, we affirm the trial court's dismissal of this claim as well.

Lastly, defendant argues that according to the section 2-1401 portion of his amended post-conviction petition as well as his subsequent 
pro se
 section 2-1401 petition, his conviction should be vacated.  According to 
People v. Mahaffey
, 194 Ill. 2d 154, 181-82 (2000):

"A section 2-1401 petition for relief from a final judgment is the forum in a criminal case in which to correct all errors of fact occurring in the prosecution of a cause, unknown to petitioner and the court at the time judgment was entered, which, if then known, would have prevented its rendition. [
People v.]Haynes
, 192 Ill. 2d [437,] 460 [(2000)];  
People v. Berland
, 74 Ill. 2d 286, 313-14 (1978).  However, where a section 2-1401 petition is filed more than two years after the judgment was entered, it cannot be considered.  735 ILCS 5/2-1401(c) (West 1996);  
People v. Caballero
, 179 Ill. 2d 205 (1997).  It is well established that the two-year limitation period mandated by section 2-1401 must be adhered to in the absence of a clear showing that the person seeking relief is under legal disability or duress or the grounds for relief are fraudulently concealed.  
Caballero
, 179 Ill. 2d at 210-11."

See also 
People v. Sanchez
, 131 Ill. 2d 417 (1989) (held that remedial powers under this civil procedure section, though usually characterized as a civil remedy, extend to criminal cases).  In the present case, the defendant argues that he has made a clear showing that his grounds for relief, 
i.e. 
Rowe's perjured testimony, 
were fraudulently concealed by Rowe, Chicago police detectives, and the State's Attorney's office both before and after trial.  Further, he alleges that he has been diligently attempting to obtain information to show his actual innocence and that through no fault of his own has he contributed in the delay of this petition being filed."  Accordingly, he asserts that the claim of perjured testimony is cognizable under section 2-1401.

The State responds that this court should not consider the allegations of the defendant's 
pro se
 section 2-1401 petition because they raise the same claim of perjured testimony that counsel raised in his amended post-conviction petition and, as a result, are an improper attempt to amend the petition after entry of judgment.  According to section 122-5:

"The court may in its discretion grant leave, at any stage of the proceeding prior to entry of judgment, to withdraw the petition.  The court may in its discretion make such order as to amendment of the petition or any other pleading, or as to pleading over, or filing further pleadings, or extending the time for filing any pleading other than the original petition, as shall be appropriate, just and reasonable and as is generally provided in civil cases."  725 ILCS 5/122-5 (West 1998).

Because judgment had already been entered on defendant's post-conviction petition when defendant filed his section 2-1401 postjudgment motion to vacate, and because defendant relied upon the same arguments in both claims, the State concludes that this is an improper attempt to amend his claim. 

However, we need not reach this far in dismissing the section 2-1401 portion of his second amended petition or his later 
pro se
 section 2-1401 petition.  As the State alternatively argues, under the fraudulent concealment exception to section 2-1401's two-year period of limitations, the defendant must allege facts demonstrating that his opponent affirmatively attempted to prevent the discovery of the purported grounds for relief and must offer factual allegations demonstrating his good faith and reasonable diligence in trying to uncover such matters before trial or within the limitations period.  
People v. Boclair
, 312 Ill. App. 3d 346 (2000), citing 
Aroonsakul v. Flanagan
, 155 Ill. App. 3d 223 (1987).  As this court in 
Boclair
 stated:

"A defendant who asks the courts to apply exceptions to time limits or other stringent procedural bars in his case is affirmatively obliged to show why such exceptions apply, and the burden upon the defendant is a heavy one.  He may not merely assert he is entitled to a legislative or judicial exception or make vague, conclusory assertions as to why such exceptions apply in his case.  Rather, the defendant must also show clearly through factual allegations that he previously made diligent attempts to uncover matters he now purports entitle him to judicial relief or otherwise demonstrate in significant detail how he could not have obtained such information before the limitations period expired or at prior post-conviction proceedings.

Without such requirements, procedural bars enacted by the legislature to be enforced by the courts to curtail excessive and unnecessary appeals would be virtually meaningless and the State's legitimate interest in the finality of criminal litigation and judgments constantly disrupted and jeopardized.  See 
People v. Flores,
 153 Ill. 2d 264, 274, 606 N.E.2d 1078, 1083 (1992), quoting 
Teague v. Lane
, 489 U.S. 288, 309,103 L. Ed. 2d 334, 355, 109 S. Ct. 1060, 1074 (1989) (‛"[w]ithout finality, the criminal law is deprived of much of its deterrent effect"')."  
Boclair
, 312 Ill. App. 3d at 348-49.

Moreover, "‛[t]he mere recantation of prior testimony is not even sufficient proof in itself to establish that the earlier testimony was perjured.'"  
People v. Hilliard
, 109 Ill. App. 3d 797, 802 (1982), quoting 
People v. DeMario
, 112 Ill. App. 2d 420, 425, 251 N.E.2d 274 (1969). 

In reviewing either of defendant's allegations pursuant to section 2-1401, he offers no factual support for the allegation that Rowe, Chicago police detectives, and the State's Attorney's office fraudulently concealed Rowe's perjured testimony both before and after trial.  Because the two-year statute of limitations for filing a section 2-1401 motion would have expired for defendant on February 15, 1998 (two years after judgment was entered on February 15, 1996), and defendant's amended petition was allegedly filed on February 11, 1999, and his 
pro se 
section
 
2-1401 petition was filed on October 20, 1999, this court cannot consider the motion without more than defendant's bald allegation that such new evidence was fraudulently concealed.  Accordingly, we affirm the trial court's decision to dismiss this motion as well.

Because defendant cannot establish that there is no rational relationship between section 122-5's classification and a legitimate governmental interest, his constitutional equal protection and due process claims must necessarily fail.  Additionally, because defendant has not made any factual allegations that identity was the issue which resulted in his conviction or that any new forensic or fingerprint testing could exonerate him, he may not use section 116-3 to extend his statute of limitations.  Lastly, because defendant's section 2-1401 allegations were filed more than two years after the expiration of the statute of limitations, and because he has made no factual allegations that support his claim that potentially exonerating evidence was fraudulently concealed –other than Rowe's recantation– we may not consider his arguments regarding this evidence.  Based on the above, we need not examine the merits of defendant's claims.

Affirmed.

QUINN, P.J., and THEIS, J., concur. 

FOOTNOTES
1:  Defendant's counsel includes an undated and unsigned copy of this amended petition in the record with no date or time stamp from the clerk's office, yet he asserts in his brief that it was filed on February 11, 1999.  Even assuming that date is correct, however, counsel's alternative invocation of section 2-1401's provisions still falls outside the time limitation of two years from the date of judgment pursuant to section 2-1401(c).