**STATE of Missouri, Respondent,**

v.

**Kenneth Isaiah MITCHELL, Appellant.**

**No. WD 62058.**

Missouri Court of Appeals,
Western District.

Nov. 25, 2003.

Order Denying Transfer
Jan. 22, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 27, 2004.

Application for Transfer Denied
March 30, 2004.

Henry W. Cummings, St. Charles, MO, for appellant.

Karen L. Kramer, Assistant Attorney General, Jefferson City, MO, for respondent.

Before BRECKENRIDGE, P.J., EDWIN H. SMITH and HOWARD, JJ.

PATRICIA BRECKENRIDGE, Judge.

Kenneth Isaiah Mitchell appeals his conviction following a guilty plea to two counts of first degree robbery, section 569.020, RSMo 2000.[1] He was sentenced to two terms of fifteen years, to be served concurrently. On appeal, he contends that the sentencing court erred by failing to grant his pre-sentence motions and by failing to require the Department of Corrections to place him in a treatment program as prescribed by section 559.115. Because this court does not have jurisdiction, Mr. Mitchell's appeal is dismissed.

### Factual and Procedural Background

Mr. Mitchell pled guilty to two counts of first degree robbery on June 10, 2002. On September 16, 2002, he was sentenced to fifteen years on each count to be served concurrently. On September 24, 2002, Mr. Mitchell's counsel filed a "Notice of Appeal" with the Boone County Circuit Court but did not utilize Civil Procedure Form

No. 8B, as mandated by Rule 30.01(e). Mr. Mitchell filed another notice of appeal utilizing Form 8B on October 16, 2002. Mr. Mitchell did not pay the docket fee or obtain an order allowing him to appeal as an indigent person with either filing. This court wrote counsel for both parties requesting suggestions as to whether Mr. Mitchell's appeal was timely filed under Rule 30.01(d). The State filed suggestions arguing that the appeal should be dismissed because Mr. Mitchell did not file a notice of appeal on Form 8B within ten days after his sentencing. The State also contended that the points of error raised by Mr. Mitchell are not of the type cognizable on direct appeal following a guilty plea. This court permitted the appeal to proceed, preserving the jurisdictional issue.

### No Jurisdiction Due to Failure to Comply with Rule 30.01(d)

This court is required to determine its jurisdiction *sua sponte. State v. Wilson,* 15 S.W.3d 71, 72 (Mo.App.2000). Although the State did not raise the issue of whether Mr. Mitchell's failure to pay the docket fee or obtain an order to appeal as an indigent person deprives the court of jurisdiction, this court must do so. Mr. Mitchell's right to appeal his conviction is governed by Rule 30.01. Subsection (d) of the Rule requires an appealing party to file a notice of appeal with the clerk of the trial court not later than ten days after the judgment or order appealed from becomes final. Rule 30.01(d). That subsection also provides:

> Defendant appellants shall deposit a docket fee in the amount specified by Rule 81.04(c) with the clerk of the trial court at the time of filing the notice of appeal. No notice of appeal by a defen-

---

1. All statutory references are to the Revised Statutes of Missouri 2000.

dant shall be accepted and filed by the clerk of any trial court *unless said docket fee is deposited therewith or the defendant obtains leave of court to appeal as an indigent person.*

*Id.* (emphasis added).

█ In cases decided under former Rule 28.03 (1979),[2] one of the predecessor Rules to the current Rule 30.01, the court of appeals held that a notice of appeal filed without either payment or waiver of the docket fee is invalid and deprives the court of jurisdiction to hear the appeal. *State v. McFall,* 561 S.W.2d 447, 447 (Mo.App. 1978); *State v. Williams,* 561 S.W.2d 448, 448 (Mo.App.1978); *State v. Lawson,* 560 S.W.2d 324, 324 (Mo.App.1977). These cases are consistent with the Supreme Court's decision, in a civil post-conviction proceeding, that the court does not have jurisdiction over an appeal when the notice of appeal is "not timely filed because the docket fee, without which the notice of appeal is ineffective, was not deposited with the circuit court within ten days after the order became final." *State v. Brookshire,* 400 S.W.2d 61, 63 (Mo.1966). The only exception to this rule is when an appellant has done "all he could do" by timely tendering a notice of appeal and motion for leave to appeal in forma pauperis, even though the trial court did not grant the motion within the time for filing an appeal. *Jones v. State,* 506 S.W.2d 387, 388–89 (Mo.1974) (finding jurisdiction over appeal under Rule 81.04).

█ Mr. Mitchell's original "Notice of Appeal" recited that "[s]ince Defendant was granted informa (sic) pauperis status in the attached order, the fee of $50.00 is not believed to be due." The order referred to was entered by the trial court on April 15, 2002. That order was entered before Mr. Mitchell's guilty plea, and was for the purpose of the proceedings in the trial court. The plain language of Rule 30.01(d) requires that Mr. Mitchell obtain a separate order permitting him to file his appeal as an indigent person. Therefore, the order of April 15, 2002, did not authorize him to appeal as indigent person.[3]

█ Because Mr. Mitchell did not comply with Rule 30.01(d) by either paying the docket fee or obtaining an order to appeal as an indigent person, this court does not have jurisdiction.[4] Therefore, the appeal is dismissed.

All concur.

**2.** Former Rule 28.03 (1979) stated that "[a]n appeal shall be taken by filing a notice of appeal in the same manner and within the same time after final judgment as provided for civil cases." The Rule pertaining to civil cases is 81.04, which contains the same requirements concerning filing deadlines and docket fees on appeal as the present Rule 30.01(d).

**3.** While Mr. Mitchell's case was pending on appeal, he obtained an order granting leave to appeal as an indigent person from the Circuit Court of Boone County. A waiver of the docket fee subsequent to the last day to file the notice of appeal "does not bestow jurisdiction upon this court." *McFall,* 561 S.W.2d at 447.

**4.** Even if Mr. Mitchell had complied with Rule 30.01(d), this court would still lack jurisdiction over the appeal because none of the issues raised are cognizable on direct appeal from a guilty plea. The only issues cognizable on direct appeal from a guilty plea are the subject matter jurisdiction of the trial court and the sufficiency of the charging instrument. *State v. Sharp,* 39 S.W.3d 70, 72 (Mo. App.2001). Mr. Mitchell's six points on appeal raise neither of these issues. Thus, this court would have had to dismiss the appeal for lack of jurisdiction on that basis. *State v. LePage,* 536 S.W.2d 834, 836 (Mo.App.1976).

## ORDER ON APPLICATION FOR TRANSFER

**PER CURIAM.**

Mr. Mitchell filed an application for transfer to the Missouri Supreme Court. In that motion, he contends that this court, during oral argument, requested that he obtain from the trial court an order to proceed in forma pauperis on appeal. He asserts that since he obtained this order and it was filed with this court before an opinion issued, this court had jurisdiction to hear his appeal. This court has reviewed the tape of oral argument and finds that counsel for Mr. Mitchell misstates the comments made by the court. Counsel was advised that Mr. Mitchell's failure to obtain an order from the trial court permitting him to appeal as an indigent person would compel the court to dismiss his appeal. He was further referred to the Supreme Court Rule that permits an appellate court to grant leave to appeal out of time. He was advised that if he pursued and received leave to appeal out of time, he could then obtain an order from the trial court permitting him to appeal as an indigent person before filing his second appeal. At no time was counsel for Mr. Mitchell advised that he could obtain an order to proceed in forma pauperis on appeal, while the appeal was pending, and vest the appellate court with jurisdiction. Mr. Mitchell did not request leave to appeal out of time within the time permitted by the Supreme Court Rules.

The application for transfer is denied.