**STATE of Missouri, Respondent,**

v.

**Edward V. LAWRENCE, Appellant.**

**No. ED 83577.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 20, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 26, 2004.

Application for Transfer Denied
Aug. 24, 2004.

Edward V. Lawrence, Jefferson City, MO, pro se.

Andrea Kaye Spillars, Stephen D. Hawke, Jefferson City, MO, for respondent.

MARY R. RUSSELL, Judge.

Edward V. Lawrence ("Appellant") appeals from the judgment denying his motion for a *nunc pro tunc* order. We dismiss his appeal because his notice of appeal was untimely filed.

Appellant was convicted of a double homicide in 1984 and was sentenced to life imprisonment without parole for capital murder, and to a consecutive term of life imprisonment for first-degree murder. Our court affirmed his conviction and sentence in *State v. Lawrence*, 700 S.W.2d 111 (Mo.App.1985), and denied him post-conviction relief in *Lawrence v. State*, 750 S.W.2d 505 (Mo.App.1988). We also affirmed the denial of his first motion for a *nunc pro tunc* order. *State v. Lawrence*, 33 S.W.3d 587 (Mo.App.2000).

Appellant filed another motion seeking a *nunc pro tunc* order on May 19, 2003. His motion alleged that the trial court in which he was convicted lacked jurisdiction to proceed to trial or to sentence him because the charges brought against him were based on an invalid statute.

On June 9, 2003, the circuit court denied Appellant's motion, noting that he alleged no clerical error subject to correction under the *nunc pro tunc* rule, Rule 29.12(c).[1]

---

1. Rule 29.12(c) states that "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time after such notice, if any, as the court orders."

He appeals, arguing that the trial court erred in denying his request for a *nunc pro tunc* order.[2]

State initially asserts that Appellant's appeal should be dismissed because his notice of appeal was not timely filed. Citing Rule 30.01(d), it argues that Appellant had only 10 days to file his appeal from the court's June 9, 2003, denial of his motion for a *nunc pro tunc* order.

Rule 30.01(d) in relevant part states:

[A] party or his agent may appeal from a judgment or order by filing with the clerk of the trial court a notice of appeal. No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final. Defendant appellants shall deposit a docket fee in the amount specified by Rule 81.04(c) with the clerk of the trial court at the time of filing the notice of appeal. No notice of appeal by a defendant shall be accepted and filed by the clerk of any trial court unless said docket fee is deposited therewith or the defendant obtains leave of court to appeal as an indigent person.

Appellant presented his notice of appeal for filing on July 2, 2003. State maintains that it was untimely filed in that it was not filed until August 11, 2003, the date on which the court ordered it to be accepted without a fee after granting him leave to file as a poor person.

■ Although a notice of appeal will not usually be considered filed until all necessary docket fees are paid, there is an exception to the Rule 30.01(d) requirement when an appellant has done "all he could do" by timely tendering his notice of appeal and request to file as a poor person. *State v. Mitchell*, 128 S.W.3d 518, 520, 2003 Mo.App. LEXIS 1825, at *4 (Mo.App. 2003) (citing *Jones v. State*, 506 S.W.2d 387, 388–89 (Mo.1974)). In such instances, the timeliness of the notice of appeal will not be defeated simply because the court does not grant the in forma pauperis motion within the time for filing the appeal. *Id.* In these circumstances, the granting of leave to appeal in forma pauperis causes the filing date for the notice of appeal to relate back to the date on which it was first tendered for filing. *Jones*, 506 S.W.2d at 388–89. Therefore, Appellant's notice of appeal was filed on July 2, 2003, not on August 11.

■ We next must decide whether Appellant's notice of appeal was timely filed. The issue before us is whether a judgment denying a motion for a nunc pro tunc order is final for purposes of appeal on the day it is denied or whether it is final 30 days after the denial. In Appellant's case, if the judgment became final on June 9, 2003, the date it was entered, his notice of appeal was due 10 days thereafter, on June 19. Thus, his filing on July 2 would be untimely. If, however, the judgment did not become final for 30 days, Appellant had until July 9, 2003, to file his notice of appeal, and his filing on July 2 was timely. Although we can find no clear statement in our case law that indicates whether the denial of a Rule 29.12(c) motion becomes

---

**2.** Appellant filed his motion and this appeal acting *pro se*. Appellant's point relied on requests that we treat his appeal also as a petition for a writ of habeas corpus under Rule 91.06. He asserts in his reply brief, however, that he is not seeking habeas corpus relief. We, therefore, will not treat his appeal as a request for habeas corpus relief. We note, though, that Appellant has been denied federal habeas corpus relief under 28 U.S.C. section 2254 in three separate cases. *Lawrence v. Armontrout*, 31 F.3d 662 (8th Cir. 1994); *Lawrence v. Armontrout*, 961 F.2d 113 (8th Cir.1992); *Lawrence v. Armontrout*, 900 F.2d 127 (8th Cir.1990).

final on the date it is entered by the court or 30 days later, *Pirtle v. Cook* is instructive. 956 S.W.2d 235 (Mo.1997).

■ In *Pirtle v. Cook,* the court distinguished a *nunc pro tunc* order from an amended judgment. See *id.* at 239–40. An amended judgment is considered a new judgment issued under Rule 75.01. *Id.* at 239. Rule 75.01 allows a trial court to retain control over its judgments for a 30 day period after they are entered so that they may be, for good cause, vacated, reopened, corrected, amended, or modified. Rule 75.01.

■ *Nunc pro tunc* orders are distinguishable from amended judgments because they can be issued at any time, regardless of whether the court retains jurisdiction over the cause. *Pirtle,* 956 S.W.2d at 240, 241. The court's power to issue a *nunc pro tunc* order is to make the record conform to the judgment already rendered, not to change the judgment itself. *Id.* 240. The court's power to change its judgments is time-limited because the power to change a judgment threatens finality and slows the litigation process. *Id.* The court, however, retains constant jurisdiction over its own records so it can correct them if necessary. *Id.* at 240–41. The *Pirtle* court used this jurisdictional distinction to determine that nunc pro tunc orders do not constitute new judgments, and therefore relate back to the date of the original judgment. *See id.* at 241–42.

Just as the issuance of a *nunc pro tunc* order relates back to the date of the original judgment, logically the denial of a *nunc pro tunc* order should also relate back to the date of the original judgment. Additionally, just as the issuance of a *nunc pro tunc* order is not considered a new judgment, the denial of motion for a *nunc pro tunc* order should also not be considered a new judgment.

Because *nunc pro tunc* orders are not considered new judgments, we see no reason to hold their finality open for review for the 30–day period under Rule 30.01(d). The historical concerns equated with this 30–day period—allowing the court to retain jurisdiction to issue necessary modifications—are not present in *nunc pro tunc* decisions. *See id.* at 239–41 (explaining the historical basis for giving the court time before a judgment becomes final to, for good cause, vacate or amend it). Because *nunc pro tunc* orders can be issued at any time, requests appropriate for a *nunc pro tunc* motion can be brought regardless of whether the court maintains this 30–day jurisdiction or not.

We, therefore, find that the denial of Appellant's motion was final at the time it was entered, not 30 days later. Under Rule 30.01(d), Appellant's notice of appeal of that denial was due no later than 10 days after June 9, 2003. Appellant's filing of July 2, 2003, was untimely.

■■ A timely filing of a notice of appeal is a jurisdictional requirement. *McGee v. Allen,* 929 S.W.2d 278, 280 (Mo. App.1996). If it is untimely filed, we are without jurisdiction and must dismiss the appeal. *Id.* State's motion to dismiss Appellant's appeal is hereby granted. We will not address Appellant's points on appeal because they become moot with the dismissal.

GARY M. GAERTNER, SR., P.J., and ROBERT G. DOWD, JR., J., concur.