STATE of Missouri, Respondent,

v.

Fred G. FENSOM, Appellant.

No. WD 63567.

Missouri Court of Appeals,
Western District.

Oct. 26, 2004.

Fred Fensom, Cameron, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Deborah Daniels, Andrew Hassell, Office of Atty. Gen., Jefferson City, for Respondent.

Before EDWIN H. SMITH, Chief Judge, PAUL M. SPINDEN, Judge, and JAMES M. SMART, JR., Judge.

PER CURIAM.

Fred G. Fensom appeals the circuit court's denial of his motion for judicial probation or parole under § 558.016.8, RSMo Supp.2003.[1] Because this court lacks jurisdiction, we dismiss Fensom's appeal.

Fensom pleaded guilty to one count of forgery. He filed a motion under Rule 29.07 to withdraw his guilty plea, and we dismissed his appeal on March 5, 2002. *State v. Fensom*, 69 S.W.3d 550 (Mo.App. 2002). The circuit court sentenced Fen-

---

1. Section 558.016.8 says, "An offender convicted of a nonviolent class C or class D felony with no prior prison commitments, after serving one hundred twenty days of his or her sentence, may, in writing, petition the court to serve the remainder of his or her sentence on probation, parole, or other court-approved alternative sentence. No hearing shall be conducted unless the court deems it necessary. Upon the offender petitioning the court, the department of corrections shall submit a report to the sentencing court which evaluates the conduct of the offender while in custody, alternative custodial methods available to the offender, and shall recommend whether the offender be released or remain in custody. If the report issued by the department is favorable and recommends probation, parole, or other alternative sentence, the court shall follow the recommendations of the department if the court deems it appropriate. Any placement of an offender pursuant to section 559.115, RSMo, shall be excluded from the provisions of this subsection."

som to four years in prison. Fensom filed a second Rule 29.07 motion, and this court affirmed the denial of that motion on March 25, 2003. *State v. Fensom,* 103 S.W.3d 835 (Mo.App.2003). On November 6, 2003, Fensom filed a motion for release on judicial probation or parole under § 558.016.8. The circuit court denied Fensom's motion, and Fensom appeals.

We have a duty to determine, *sua sponte,* whether or not we have jurisdiction to consider an appeal. *State v. Mitchell,* 128 S.W.3d 518, 519 (Mo.App.2003). No right to an appeal exists without statutory authority. *State v. Williams,* 871 S.W.2d 450, 452 (Mo. banc 1994). In criminal cases, the General Assembly has provided, in § 547.070, RSMo 2000, for an appeal from final judgments. Final judgments occur in criminal cases when the courts enter a sentence. *State v. Larson,* 79 S.W.3d 891, 893 (Mo. banc 2002). A post judgment order denying a petition for probation or parole is not a final judgment for purposes of appeal. *State v. Sturdevant,* 143 S.W.3d 638 (Mo.App.2004).

Rule 30.01(a) says, "After the rendition of final judgment in a criminal case, every party shall be entitled to any appeal permitted by law." Section 558.016.8 sets out the procedure for an offender convicted of a nonviolent class C or class D felony with no prior prison commitments to request probation or parole. It does not, however, authorize an appeal from an order denying such a request. Hence, no final judgment exists from which Fensom can appeal. Fensom's remedy, if any, is a petition for an extraordinary writ. *See State ex rel. Nixon v. Russell,* 129 S.W.3d 867 (Mo. banc 2004).

We, therefore, dismiss Fensom's appeal for lack of a final, appealable judgment.