**Murlin PHILLIPS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. 27091.**

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 12, 2005.

Application for Transfer Denied Nov. 2, 2005.

Application for Transfer Denied Dec. 20, 2005.

Murlin Phillips, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrew W. Hassell, Assistant Attorney General, Jefferson City, MO, for respondent.

JAMES K. PREWITT, Presiding Judge.

Murlin Phillips ("Appellant") appeals the denial of his post-conviction motion requesting forensic DNA testing, pursuant to § 547.035, RSMo Cum.Supp.2003, following his 2002 conviction and sentencing for murder in the second degree and armed criminal action.[1]

On October 8, 2000, Appellant had an altercation with Wayne Limbaugh at the residence of Joan Burton, a former girlfriend of Appellant. Appellant left, but several hours later he returned and shot Limbaugh as Limbaugh left Burton's residence. The State alleged that Limbaugh later died from the gunshot injury.

---

**1.** Section 547.035 outlines the procedure for requesting post-conviction DNA testing for persons in the custody of the Missouri Department of Correction seeking such testing.

On April 1, 2002, Appellant pleaded guilty to one count of murder in the second degree and one count of armed criminal action. The trial court sentenced Appellant to life imprisonment for murder in the second degree and a concurrent twenty-five-year sentence for armed criminal action on May 3, 2002.

Appellant filed a motion requesting DNA testing pursuant to § 547.035 on November 4, 2002, maintaining that proper DNA testing would show that Appellant shot Limbaugh in self-defense upon a belief that he was in "imminent danger." On November 5, 2003, the court denied Appellant's motion, finding that Appellant's identity was not an issue in the case, that post-conviction DNA testing would not prove Appellant's allegations, and that testing was reasonably available to Appellant at the time of his plea. On February 3, 2004, Appellant filed Notice of Appeal to the Missouri Supreme Court. After the record and briefs were filed there, on June 28, 2005, the Supreme Court transferred the cause to this court "where jurisdiction is vested," citing Art. V, § 11 of the Missouri Constitution.[2]

■ Respondent maintains that this appeal was not timely filed, and this court has no jurisdiction. We must determine our jurisdiction before we consider the merits of his appeal. *State v. Bain*, 982 S.W.2d 706, 707 (Mo.App.1998). This court has no jurisdiction absent a timely-filed notice. *Bank of Kirksville v. First Bank Centre*, 924 S.W.2d 884, 885 (Mo. App.1996).

■ On November 17, 2003, Appellant filed a Motion to Appeal as a Poor Person. He also sent to the circuit clerk's office a notice of appeal. On February 3, 2004, the trial court entered an order allowing Appellant to appeal as a poor person. Notice of appeal was shown as filed on that day.

In *Jones v. State*, 506 S.W.2d 387 (Mo. 1974), the appellant tendered a notice of appeal and moved to file an appeal as a poor person, but the motion was not granted until nine months later. *Id.* at 388. On the day of the ruling, the circuit clerk "filed" the notice of appeal. *Id.* The Court concluded that the court's ruling on the motion made the appeal timely and the notice of appeal related back to the time it was tendered. *Id.* at 388–89. *See also State v. Mitchell*, 128 S.W.3d 518, 520 (Mo. App.2003). This court has jurisdiction.

■ As with any post-conviction proceeding, review of a motion court's ruling on a motion for DNA testing pursuant to § 547.035 is limited to a determination of whether the findings and conclusions of the motion are clearly erroneous. *State v. Westcott*, 121 S.W.3d 543, 545 (Mo.App. 2003). The findings and conclusions are considered clearly erroneous if, after a review of the entire record, we are left with a definite and firm impression that a mistake has been made. *Id.* at 545–46.

■ In his first point, Appellant contends that § 547.035 denies equal protection of the law and violates the Fifth and Fourteenth Amendments of the United States Constitution. The record does not show that these contentions were presented to the motion court or otherwise raised until this appeal. Constitutional issues must be raised at the first opportunity and cannot be raised for the first time on appeal. *Chambers v. State*, 24 S.W.3d 763, 765 (Mo.App.2000). Point one is denied.

---

2. Although Appellant purports to raise various constitutional challenges to § 547.035, those issues were apparent before transfer. Merely raising such issues does not necessarily deprive this court of jurisdiction. *See State v. Stottlemyre*, 35 S.W.3d 854, 861 (Mo.App. 2001); *State v. Ellis*, 853 S.W.2d 440, 447 (Mo.App.1993).

In his second and third points, Appellant contends the trial court abused its discretion and was clearly erroneous in its findings and rulings as mandated by § 547.035 regarding Appellant's allegations that "portions of his exhibits and petition were missing" and that the trial court misapplied the statute's "mandatory procedure" in not appointing counsel and holding a hearing.

To be entitled to an evidentiary hearing, Appellant must allege facts demonstrating that (1) there is evidence upon which DNA testing could be conducted; (2) such evidence was secured in relation to the crime; (3) the evidence was not previously tested by the movant; (4) identity was an issue in the trial; and (5) a reasonable probability exists that movant would not have been convicted if exculpatory results had been obtained through the requested DNA testing. § 547.035.2(1) through (5). That testing was not previously performed must be because the technology was not available at the time of trial, Appellant was not aware that the evidence existed at the time of trial, or the evidence was unavailable. *Westcott,* 121 S.W.3d at 546.

Appellant does not refer to any facts in his motion or affidavit supporting his claim that identity was an issue. Appellant's brief suggests he is claiming self-defense. Even if Appellant had established that identity was an issue, there is no reference in his motion or affidavit that describes what evidence Appellant sought to test or how that evidence related to any issue of identity.

Appellant's requested a shirt in Respondent's possession and evidence he claims would prove that the victim was standing to the right of and directly facing Appellant; close enough to put Appellant in imminent danger. Appellant never offered specifics on why he requested the listed DNA material he wished to have tested.

Appellant's brief contains references to ballistic tests and accident reconstructions regarding his claims of trial court error. Section 547.035 does not address these forms of tests. Illinois considered their statute that is similar to the Missouri statute that applies to this case: "Conceivably, the legislature restricted forensic testing to genetic material because the reliability of such tests has been established; ensuring that a motion for forensic testing will not be filed alongside every scientific advancement[.]" *People v. Pursley,* 341 Ill. App.3d 230, 237, 275 Ill.Dec. 147, 792 N.E.2d 378 (Ill.App.2003). The court's findings and conclusions address the requirements of the statute and are consistent with the facts in the record. Appellant's second and third points are denied.

In his fourth point, Appellant contends he has made a "sufficient case" to warrant the issuance of a writ of *habeas corpus* by the Missouri Supreme Court. No petition seeking such relief has been filed here, and the record indicates that Appellant is not confined within this district's jurisdiction. In addition, this court has no appellate jurisdiction in *habeas corpus* proceedings such as requested here. *Bebee v. State,* 619 S.W.2d 363 (Mo.App.1981). Point four has no merit.

The judgment is affirmed.

PARRISH, J., and RAHMEYER, J., concur.