**Donald SNOWDELL, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 80515.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 5, 2002.

Donald Snowdell, Bowling Green, MO, for Appellant.

John M. Morris III, Richard A. Starnes, Jefferson City, MO, for Respondent.

GEORGE W. DRAPER III, Judge.

Donald Snowdell (hereinafter, "Movant") appeals *pro se* from the judgment entered denying his post-conviction motion for DNA testing. Movant raises three points on appeal claiming error in that the motion court erred by: (1) allowing Movant's appointed counsel to withdraw; (2) finding that Movant did not request testing previously and that the rape kit was available for testing; and (3) denying the motion without requiring the State to enter a formal show-cause order or motion to dismiss. We affirm.

Movant was convicted of forcible rape in November 1997. The evidence adduced at trial indicated that Movant raped a friend's wife on December 7, 1995. Movant told the victim at the time of the rape that no one would believe her if she told anyone what happened. Since the victim was a black woman married to a white man in a small rural community, she feared that what Movant told her was true, and she did not tell her husband immediately. The victim washed herself and put her clothes in the washer in an attempt to hide from her husband the fact that she was raped. When her husband returned home later that morning, the victim engaged in sexual intercourse with him. The victim feared that her husband would become suspicious if she deflected his advances.

The next day, the victim went to work as usual, and later came home to fix lunch for herself and her husband. Upon arriving home, Movant showed up and the victim retreated into her bedroom until the end of her lunch break. Before she left, her husband asked if anything was wrong, and the victim told him, "No". Later that evening, the victim's husband continued to question her about what was wrong, and she eventually told him what had happened. They reported the rape to the police. She was examined and a rape kit was prepared. During the course of the trial, Movant presented evidence that the pubic hair obtained from the victim's pubic region did not match Movant.

At the close of the evidence, Movant was found guilty and sentenced to five years' imprisonment. Movant filed a direct appeal with this Court, which was voluntarily dismissed. Movant later filed a *pro se* post-conviction motion for DNA testing on September 18, 2001. On October 1, 2001, the motion court appointed counsel, but later allowed counsel to withdraw because the appointment was premature. On October 21, 2001, the motion court issued a show-cause order to the State to demonstrate why the relief Movant sought should not be granted. On November 1, 2001, the motion court granted the State's oral motion to dismiss, and later submitted findings of fact and conclusions of law denying Movant's motion without an evidentiary hearing. Movant appeals.

Movant brought his motion pursuant to Section 547.035 RSMo (2001)[1], which permits a person in the custody of the department of corrections claiming that forensic DNA testing will demonstrate the person's innocence of the crime for which the person is in custody to file a post-conviction motion claim seeking such testing. Sec-

1. All statutory references are to RSMo (2001) unless otherwise indicated.

tion 547.035.1 states that the rules of civil procedure govern these proceedings. Therefore, we will apply the same civil standards as in other post-conviction proceedings to this appeal.

Appellate review in post-conviction proceedings is limited to determining whether the motion court's findings and conclusions are clearly erroneous. *State v. Brown*, 998 S.W.2d 531, 550 (Mo. banc 1999); *Boyd v. State*, 10 S.W.3d 597, 600 (Mo.App. E.D. 2000). The motion court's findings and conclusions are clearly erroneous if, after reviewing the entire record, the court is left with the definite and firm impression that a mistake has been made. *State v. Chambers*, 891 S.W.2d 93, 109 (Mo. banc 1994); *State v. Myers*, 989 S.W.2d 594, 598 (Mo.App. E.D.1999).

To be entitled to an evidentiary hearing on a post-conviction motion brought pursuant to Section 547.035, the movant must allege facts demonstrating that: (1) there is evidence upon which DNA testing can be conducted; (2) the evidence was secured in relation to the crime; (3) the evidence was not previously tested by the movant; (4) identity was an issue in the trial; and (5) a reasonable probability exists that the movant would not have been convicted if exculpatory results had been obtained through the requested DNA testing. Section 547.035.2. After filing the motion, the court shall issue to the prosecutor an order to show-cause why the motion should not be granted. Section 547.035.4. Upon issuance of the show cause order, the trial transcript and file shall be prepared. Section 547.035.5.

■ Movant's first point on appeal claims the motion court erred in allowing his appointed counsel to withdraw because this resulted in his not being represented at the show-cause hearing, and he was unable to attend the hearing. There is no constitutional right to counsel in a post-conviction proceeding. *State v. Clay*, 975 S.W.2d 121, 140 (Mo. banc 1998). Moreover, Section 547.035.6 indicates when counsel shall be appointed:

> If the court finds that the motion and the files and records of the case conclusively show that the movant is not entitled to relief, a hearing shall not be held. *If a hearing is ordered*, counsel shall be appointed to represent the movant if the movant is indigent. (Emphasis added).

Movant seems to confuse the show-cause hearing and the evidentiary hearing. In this case, it is clear from the record that an evidentiary hearing was not ordered by the motion court. At the show-cause hearing, the State brought an oral motion to dismiss Movant's claim without an evidentiary hearing. Upon review of the record and after hearing argument, the motion court granted the State's motion. As the statute indicates, counsel shall be appointed if a hearing is ordered. No evidentiary hearing was ordered, and the motion court did not err in allowing counsel to withdraw prior to the ordering of an evidentiary hearing in that appointment prior to that time was premature. Movant's first point is denied.

■ Movant's second point claims the motion court's finding that the rape kit was available to Movant at the time of trial for testing, and that Movant failed to request additional testing was clearly erroneous. Movant claims he requested to test the hair sample and was denied access to it. Movant argues the testing would have shown the victim gave false testimony about the incident.

A review of the record shows the victim was examined after the rape and a rape kit was prepared. The rape kit was turned over to the Washington County Sheriff's Department and later to the Missouri State Highway Patrol Crime Laboratory

for testing. The testing indicated that the hair sample did not match Movant. Movant relies on Section 547.035(3)(c) claiming he requested additional testing of the hair sample and was denied access; thus, he argues the evidence was otherwise unavailable to him and his trial counsel at the time of trial. Movant requested additional testing of the victim's husband in order to determine whether the victim had engaged in sexual intercourse with a third, unidentified man. Movant argues this evidence would demonstrate whether the victim gave perjured testimony in stating she did not have sexual intercourse with anyone except her husband.

Section 547.035.2(3) requires Movant to allege facts that demonstrate that the evidence was not previously tested by him because: (a) the technology for the testing was not reasonably available to the movant at the time of the trial; (b) neither the movant nor his or her trial counsel was aware of the existence of the evidence at the time of trial; or (c) the evidence was otherwise unavailable to both the movant and movant's trial counsel at the time of trial. In order for the motion court to order testing, it must find: (1) a reasonable probability exists that the movant would not have been convicted if exculpatory results had been obtained through the requested DNA testing, and (2) the movant is entitled to relief.

■ In this instance, it is clear from the record that the motion court did not err in its findings with regard to the testing of the hair samples. The record refutes Movant's allegation that a reasonable probability existed that he would not have been convicted had exculpatory results been obtained through testing of the pubic hair sample. As stated earlier, the sample was tested and the results were introduced into evidence before the jury. The results proved that Movant was not the source of the pubic hair found on the victim. Therefore, the jury was fully aware that the pubic hair did not belong to the Movant at trial, and any further testing would have been cumulative to the hair comparison evidence already admitted. *See State v. Daugherty*, 906 S.W.2d 812, 817–18 (Mo. App. E.D.1995)(failure to present cumulative evidence is not prejudicial). Moreover, Movant failed to request testing of the victim's husband in his motion, and even if he had, the motion court is without authority to order a physical examination of a victim, witness, or third party. *State v. Sinner*, 772 S.W.2d 719, 720–21 (Mo.App. E.D.1989). Movant's second point is denied.

■ Movant's final point on appeal claims the motion court erred in dismissing his motion without a proper show-cause motion filed by the State and in failing to record the "evidentiary hearing and show-cause hearing". Movant claims the motion court was required to record the hearing and provide him with a transcribed copy of the proceedings.

Again, Movant seems to confuse the show-cause hearing with the evidentiary hearing. Section 547.035.6 states "[I]f a hearing is ordered, counsel shall be appointed ... [and] the hearing shall be on the record." *Id.* In this case, as discussed in Movant's first point, there was no evidentiary hearing conducted. As a result, there is no record of the evidentiary hearing to provide to Movant. Moreover, nothing in the statute requires the prosecutor to file a formal written motion to show cause. The State presented its argument at the show-cause hearing, and the motion court granted its motion to dismiss Movant's motion for an evidentiary hearing.

■ Finally, Movant complains he was not allowed to be present at the show-cause hearing. Section 547.035.6 does not

require that the movant be present for the evidentiary hearing and allows for the movant's testimony to be received by deposition. Section 547.035 does not specifically discuss Movant's presence at the preliminary show-cause hearing, but it follows that Movant's presence would not be required at the show-cause hearing if it is not required at the evidentiary hearing. Movant's final point is denied.

The judgment of the motion court is affirmed.

ROBERT G. DOWD, JR., P.J., and MARY K. HOFF, J.