**STATE of Missouri,
Respondent/Respondent,**

v.

**Melvin Leroy TYLER,
Movant/Appellant.**

**No. ED 80546.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 18, 2003.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 10, 2003.

Application for Transfer Denied
May 27, 2003.

Mary S. Choi, Assistant State Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephanie Morrell, Asst. Atty. Gen., Jefferson City, MO, for respondent.

ROBERT G. DOWD, JR., Presiding Judge.

Melvin Leroy Tyler (Movant) appeals from the judgment denying his motion for postconviction DNA testing without the issuance of a show-cause order to the prosecutor or an evidentiary hearing pursuant to Section 547.035, RSMo Cum.Supp.2001.[1] The convictions sought to be vacated are from a 1978 jury trial where Movant was convicted of two counts of robbery in the first degree, Section 560.120, RSMo 1969, Section 560.135 RSMo Cum.Supp.1975; two counts of assault with intent to ravish, Section 559.109, RSMo 1969; and one count of armed criminal action, Section 559.225 RSMo Cum.Supp.1976. Movant was sentenced to consecutive terms of fifty years' imprisonment for each of the robbery counts and the armed criminal action count, and five years for each of the assault counts. Movant contends the motion court erred in denying his motion for postconviction DNA testing without issuing either a showcause order to the prosecutor or conducting an evidentiary hearing. Because we find Movant's motion failed to allege facts demonstrating there is evidence upon which DNA testing could be conducted or that the evidence was secured in relation to this crime, we affirm.

The facts from the underlying convictions are as follows. On the morning of December 27, 1976, Laura and Angie Harmon arrived at the home of Ralph and Mary Petersen to visit the Petersen's daughter, Christine. Before entering the home, Angie Harmon went to Christine Petersen's bedroom window and tapped on it to get her attention. While her sister, Laura Harmon, sat on the lawn waiting, Movant came up and asked if the people next door were home. Christine Petersen then let the girls in her home, and the three girls went up to Christine's bedroom where they later saw Movant walk by the bedroom window.

When Mrs. Petersen was coming up the stairs inside her home, Movant stuck a gun in her ribs and demanded she get in the bedroom with Mr. Petersen. Movant told Mr. Petersen that the two girls that came into the house had stolen something out of his car. When Mr. Petersen responded that they could not have done so, Movant struck Mr. Petersen twice knocking him onto the bed. Movant then left the bedroom, obtained a kitchen knife, and ordered Mr. and Mrs. Petersen into the bedroom closet.

Movant then confronted Christine Petersen and Laura Harmon and ordered them to remove their clothes. When Christine Petersen hesitated, Movant struck her with the butt of the knife. Both girls removed their clothing, and when the girls began to scream, Movant struck Laura Harmon with the butt of the gun. Movant advanced on the girls up to a point of four or five inches from the girls while unzipping his pants. Christine Petersen jumped up and Movant chased her into the hall. Mr. and Mrs. Petersen forced their way out of the closet and met Movant and the two girls in the hallway where Movant twice cut Mr. Petersen with the knife. Movant asked Mr. Petersen if he had any money, and Mr. Petersen gave him between seventy and one hundred dollars. Movant then left, and Mrs. Petersen later discovered that the credit cards from her purse were missing. The next day, Movant was arrested in Kansas City, Missouri, after a car chase with the police. A .25 caliber pistol was found in Movant's front pocket, and a wallet found in Movant's

---

1. All statutory references are to RSMo Cum. Supp.2001 unless otherwise indicated.

pocket contained credit cards for Mr. Petersen.

Laura Harmon identified Movant in a police photographic display, an identification lineup, and at trial as the man who attempted to rape her. She also identified the knife and gun used as weapons by Movant. Mrs. Petersen identified Movant in a lineup and at trial, and she also identified the knife, gun, and credit cards. Mr. Petersen identified Movant as the person who attacked him in his home, and identified the gun used in the crime. Christine Petersen identified Movant in a lineup and in the courtroom.

Movant represented himself at trial claiming that he was in Kansas City, Missouri, on December 27, 1976. He called several witnesses, including Gregory Dorsey, who admitted that he was the one who committed the offenses. Mr. Dorsey later invoked his Fifth Amendment rights and refused to testify further. Movant was found guilty and convicted on all counts. With the exception of the armed criminal action count, all were affirmed on appeal. *State v. Tyler*, 622 S.W.2d 379 (Mo.App. E.D.1981). In December 1987, Movant filed a motion for postconviction relief under former Rule 27.26, and the motion was denied and the denial affirmed. *Tyler v. State*, 18 S.W.3d 117 (Mo.App. E.D.2000).

Movant filed his pro se motion for postconviction DNA testing pursuant to Section 547.035. On November 30, 2001, the motion court denied Movant's motion without an evidentiary hearing, finding that the files and records of the case conclusively showed Movant was not entitled to relief under Section 547.035.

In his sole point, Movant argues the motion court erred in denying his motion for postconviction DNA testing pursuant to Section 547.035 without issuing a showcause order to the prosecutor or conducting a hearing. Movant maintains he suffi-ciently alleged in his motion that there was DNA material available to be tested and that there was a reasonable probability he would not have been convicted had exculpatory DNA test results been obtained.

■■■ Section 547.035 states that the rules of civil procedure govern these proceedings, and the same civil standards that apply in other post-conviction proceedings apply to this appeal as well. *Snowdell v. State*, 90 S.W.3d 512, 514 (Mo.App. E.D. 2002). Appellate review in postconviction proceedings is limited to determining whether the motion court's findings and conclusions are "clearly erroneous." *Id.* The motion court's findings and conclusions are clearly erroneous if, after reviewing the entire record, the court is left with the definite and firm impression that a mistake has been made. *Id.*

Section 547.035 states in pertinent part that:

1. A person in the custody of the department of corrections claiming that forensic DNA testing will demonstrate the person's innocence of the crime for which the person is in custody may file a postconviction motion in the sentencing court seeking such testing. The procedure to be followed for such motions is governed by the rules of civil procedure insofar as applicable.

2. The motion must allege facts under oath demonstrating that:

(1) There is evidence upon which DNA testing can be conducted; and

(2) The evidence was secured in relation to the crime; and

\* \* \*

(5) A reasonable probability exists that the movant would not have been convicted if exculpatory results had been obtained through the requested DNA testing.

* * *

4. The court shall issue to the prosecutor an order to show cause why the motion should not be granted unless:

(1) It appears from the motion that the movant is not entitled to relief; or

(2) The court finds that the files and records of the case conclusively show that the movant is not entitled to relief.

* * *

6. If the court finds that the motion and the files and records of the case conclusively show that the movant is not entitled to relief, a hearing shall not be held. . . .

7. The court shall order appropriate testing if the court finds:

(1) A reasonable probability exists that the movant would not have been convicted if exculpatory results had been obtained through the requested DNA testing; and

(2) That movant is entitled to relief. . . .

8. The court shall issue findings of fact and conclusions of law whether or not a hearing is held.

Under Section 547.035 in order for Movant to be entitled to postconviction DNA testing, he must demonstrate in his motion that there is evidence upon which DNA testing can be conducted and that this evidence is in relation to the crime. Section 547.035(2). If it appears from the motion, files, and records of the case that the movant is not entitled to relief, the court does not have to issue to the prosecutor an order to show cause why the motion should not be granted. Section 547.035(4). Further, if the court finds that the motion, files, and records of the case conclusively show that the movant is not entitled to relief, an evidentiary hearing shall not be held. Section 547.035(6). In looking at his motion, we agree with the motion court that Movant did not plead facts to demonstrate he is entitled to relief under Section 547.035.

█ Movant's motion must allege facts that demonstrate there is evidence in relation to this crime that can be tested. While Movant alleges in his motion that there was "semen, hair and other testable evidence collected in the St. Louis case," he has failed to demonstrate there is evidence available to support these allegations.

In stating that "semen and phosphates was collected," Movant refers to Exhibits K, U, and Z1. All of these exhibits refer to the Columbia case involving Nancy Kennedy and have no relation to the present case. In Movant's motion, he references Susan Land, a forensic scientist, who collected foreign hairs, semen, and phosphates in the Columbia case. Again, this is a reference to the Columbia case in Platte County in which Movant was convicted of robbery, rape, kidnapping, and armed criminal action. *See State v. Tyler,* 587 S.W.2d 918 (Mo.App. W.D.1979). In support of the statement that "there was semen, hair and other testable evidence collected in the St. Louis case," Movant refers to a rape kit report, "the Janet Whitely case and others," and Exhibit Z–19. Exhibit Z–19 references lineups and several events involving Movant, including a rape which occurred on December 15, 1976, in which the victim was Janet Whitely. Movant also references Exhibit O which refers to blood found on the gun used in the Columbia case. Movant's evidence upon which DNA testing could be conducted refers solely to the Columbia case. Movant has failed to identify any specific evidence collected in the investigation of the present case that could properly be tested for DNA or that would prove his

innocence in relation to the crimes in this case.

Movant has failed to meet the requirements of Section 547.035 because none of the evidence secured related to these crimes. Movant has been convicted of two counts of robbery in the first degree, two counts of assault with intent to ravish, and one count of armed criminal action. The records and files establish that there was no rape in this case and no rape kit to be tested. Besides assaulting the victims with his knife, Movant never touched the victims or got closer than four or five inches from the girls when his pants were unzipped. Movant demonstrates no evidence upon which DNA testing can be conducted or that is relevant to this particular case.

Based on the absence of relevant DNA evidence, there was no need for the motion court to issue a show-cause order as to why the motion should be denied. Furthermore, the motion court did not err in denying Movant's motion for postconviction DNA testing pursuant to Section 547.035 without an evidentiary hearing. The findings of the motion court were not clearly erroneous, and the judgment of the motion court is affirmed.

HOFF, and DRAPER, J., concur.