**STATE of Missouri, Respondent,**

v.

**Joseph FULTS, Appellant.**

No. ED 80673.

Missouri Court of Appeals,
Eastern District,
Division One.

March 4, 2003.

See also 719 S.W.2d 46, 779 S.W.2d 688, 820 S.W.2d 525.

Joseph Fults, Moberly, MO, for Appellant.

Jeremiah W. Nixon (Jay), Attorney General, Stephanie Morrell, Assistant Attorney General, Jefferson City, MO, for Respondent.

GEORGE W. DRAPER III, Judge.

Joseph E. Fults (hereinafter, "Appellant") was convicted of one count of rape, Section 566.030 RSMo (1986), two counts of sodomy, Section 566.060 RSMo (1986), and one count of incest, Section 568.020 RSMo (1986). Appellant was sentenced to consecutive sentences of twenty-five years for rape, five years for each count of sodomy, and five years for incest. This Court affirmed Appellant's convictions and sentences. *State v. Fults,* 719 S.W.2d 46 (Mo. App. E.D.1986). Appellant then filed a Rule 27.26 (now repealed) motion for post-conviction relief which was denied, and subsequently affirmed by this Court. *Fults v. State,* 779 S.W.2d 688 (Mo.App. E.D.1989). Appellant filed another post-conviction relief motion which also was denied and subsequently affirmed by this Court. *Fults v. State,* 820 S.W.2d 525 (Mo.App. E.D.1991). Now, Appellant appeals from the judgment entered by the circuit court denying his Section 547.035 RSMo (Supp.2001)[1] *pro se* motion for post-conviction DNA testing. We affirm.

The facts from Appellant's underlying conviction are:

[Appellant's] fifteen year old daughter lived with [Appellant] and her younger brother in a house trailer situated in Jefferson County, Missouri. On the evening of September 20, 1983, [Appel-

---

1. All further statutory references are to RSMo (Supp.2001) unless otherwise noted.

lant] went out drinking and returned home intoxicated in the early morning hours. [Appellant] entered his daughter's room. [Appellant] awakened her and demanded she let him get in bed with her. She refused and left the room. [Appellant] followed her and forced her back into the room, pulling her arm and hair. He demanded that she remove her clothing and repeatedly threatened to hurt her if she did not comply. She removed her clothes and was forced by [Appellant] to lie on the bed and orally sodomize him. [Appellant] licked his daughter's genitals, raped her, and forced her to orally sodomize him a second time. She was finally able to escape to a neighbor's trailer. The police were called and [Appellant] was arrested the next day.

*Fults,* 719 S.W.2d at 47.

Appellant filed his Section 547.035 *pro se* motion seeking DNA testing from his underlying conviction on September 6, 2001. The trial court entered its judgment denying his motion on the basis that Appellant's identity was not at issue. Appellant then brought this twopoint appeal.

In his first point on appeal, Appellant alleges there was clear error in denying his motion for forensic DNA testing because Appellant's basic rights to due process and equal protection were violated by not ordering a show-cause hearing. Appellant claims that the DNA testing would have established his innocence, discredited his daughter, and exonerated him as the actual perpetrator. We disagree.

Section 547.035.1 allows for persons in the custody of the department of corrections to file a post-conviction motion for forensic DNA testing when they claim the results will demonstrate their innocence. The motion must demonstrate certain enumerated requirements, including that "[i]denity was an issue in the trial." Section 547.035.2(4). Following the proper filing of the motion, the court will issue a show-cause order to the prosecutor unless the motion establishes that the movant is not entitled to relief, or the "court finds that the files and records of the case conclusively show that the movant is not entitled to relief." Section 547.035.4. After receiving Appellant's motion, considering the transcript of the trial, and the records of the proceeding, the court found that Appellant was not entitled to relief because his identity was not an issue in the trial. Section 547.035.4.

The identity of Appellant's daughter's accused assailant was not at issue during the trial, nor would the forensic DNA testing prove Appellant's innocence. In addition to the facts from Appellant's original appeal, testimony presented at his trial demonstrated that Appellant ejaculated into his daughter's mouth.[2] There was no testimony as to whether or not Appellant ejaculated into his daughter's vagina. Following the encounter with his daughter, there were fluids collected from her vagina but not her mouth. Assuming *arguendo* there were forensic DNA testing on the previously collected fluids and the results were negative as to Appellant's DNA, Appellant would not be proven innocent as to his convicted crimes. Hence, the trial court did not err in denying Appellant's motion without a show-cause hearing. Point denied.

In his second point on appeal, Appellant claims that he was deprived of his right to appellate counsel in that he is indigent and this Court rescinded the circuit court's ap-

---

2. This testimony was not memorialized in Appellant's appeal from the judgment convicting him because it was irrelevant to that appeal.

pointment of counsel. Appellant alleges that because the Missouri Legislature specified Section 547.035 to be post-conviction relief, he should be afforded the same protection as provided in Rule 29.15 and Rule 24.035 post-conviction proceedings. Appellant recognizes Section 547.035 is silent as to remedial appellate procedures; however, Section 547.037, which delineates procedure for Section 547.035, states that an "appeal may be taken from the court's findings and conclusions as in other civil cases." Section 547.037.6. There is no language in either section that specifically mandates appointment of appellate counsel as required by Rule 29.15 and Rule 24.035.

■ This Court agrees with Appellant's discussion but not his conclusion. Both statutes direct that counsel shall be appointed to represent a person who is granted a hearing. Section 547.035.6; Section 547.037.4. Yet, both statutes are silent as to the appointment of appellate counsel. Courts must give effect to statutory language as written. *Spradlin v. City of Fulton*, 982 S.W.2d 255, 261 (Mo. banc 1998). This Court presumes that the legislature's choice of wording is not meaningless. *State Bd. Of Registration for Healing Arts v. Boston*, 72 S.W.3d 260, 265 (Mo.App. W.D.2002). We additionally note that there is no constitutional obligation to provide post-conviction counsel. *Rice v. State*, 779 S.W.2d 771, 774 (Mo.App. S.D.1989)(*citing Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987)). However, *assuming arguendo*, a person is granted a hearing and appointed counsel in accordance with Section 547.035.6, it would seem a permissible interpretation to allow the appointment of appellate counsel as well. Appellant was not granted a hearing on his Section 547.035 motion nor was he appointed counsel; hence, we cannot construe the statute to grant Appellant the right to appellate counsel. Point denied.

The judgment is affirmed.

ROBERT G. DOWD, JR., P.J., and MARY K. HOFF, J.