**STATE of Missouri, Respondent,**

v.

**Karen Ray WESTCOTT, Appellant.**

**No. WD 62419.**

Missouri Court of Appeals,
Western District.

Oct. 28, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 23, 2003.

---

Karen Ray Westcott, Cameron, pro se.

Breck K. Burgess, Assistant Attorney General, Jefferson City, for respondent.

Before JOSEPH M. ELLIS, Chief Judge, HAROLD L. LOWENSTEIN, Judge and PATRICIA BRECKENRIDGE, Judge.

JOSEPH M. ELLIS, Chief Judge.

Karen Ray Westcott appeals from the denial of his post-conviction motion for DNA testing pursuant to § 547.035, RSMo. Cum.Supp.2001. Appellant seeks to overturn his March 21, 1990 convictions on three counts of sexual abuse in the first degree, § 566.100,[1] one count of sexual assault in the first degree, § 566.040, two counts of deviate sexual assault in the first degree, § 566.070, and two counts of sexual abuse in the second degree, § 566.110. Appellant was sentenced to a total of thirty-eight years in the Missouri Department of Corrections.

As noted by this Court in Appellant's direct appeal:

The incidents giving rise to the charge[s] occurred during 1989 when Westcott lived with his wife, Maria, and their three children and two of Maria's teenaged daughters. The state presented evidence that one evening, while Maria was at work, Westcott rubbed the chest of one of Maria's daughters, put his hand inside her shorts and put a finger in her "private part" between her legs. Sometime later, Westcott twice got into the girl's bed, fondled her breasts, moved his hand between her

---

1. All of the statutes under which Appellant was convicted are from RSMo 1986.

legs and put a finger in her "private part." Once Westcott put his penis in the girl's "private place." Maria's other teenaged daughter testified that Westcott had fondled her breasts on two different nights.

*State v. Westcott,* 857 S.W.2d 393, 395 (Mo. App. W.D.1993).

Following his conviction, Appellant filed a motion for post-conviction relief under Rule 29.15, which was denied by the motion court following an evidentiary hearing. Subsequently, this Court affirmed both his conviction and the denial of his post-conviction motion. *Id.* at 398.

On May 15, 2002, Appellant filed a motion for post-conviction DNA testing pursuant to § 547.035. On August 29, 2002, the motion court denied Appellant's motion without issuing a show-cause order to the prosecutor or holding an evidentiary hearing. The motion court found that it appeared from the motion that Appellant was not entitled to relief and that the record in the case conclusively showed that Appellant was not entitled to relief. The motion court found that Appellant was "not entitled to relief on his motion because there is not evidence upon which DNA testing can be conducted; no such evidence was secured in relation to the crime; and identity was not an issue at trial."

▇▇▇ In his sole point on appeal, Appellant contends that the motion court erred in denying his motion for DNA test-

ing without an evidentiary hearing because he had alleged that the prosecutor and/or the prosecutor's agents had withheld DNA evidence from him at trial.[2] Appellant relies upon references in what he claims are DFS records indicating that one of the victims was seen by her family physician on June 27, 1989, at the request of her mother and that the doctor performed a pelvic examination and administered a pregnancy test at that time.[3] Appellant argues that DNA samples must have been taken during that examination and that the State's failure to inform him of the doctor's examination and the availability of DNA samples deprived him of his rights to due process of law and to a fair trial. Appellant contends that the trial court erred in failing to conduct an evidentiary hearing "to determine the location and condition of the DNA evidence that was suppressed, before trial, by the Prosecution and/or his agents, to procure a conviction."

Our review of the motion court's ruling on a motion for DNA testing under § 547.035, as with any post-conviction proceeding, "is limited to determining whether the motion court's findings and conclusions are clearly erroneous." *Snowdell v. State,* 90 S.W.3d 512, 514 (Mo.App. E.D. 2002). "The motion court's findings and conclusions are clearly erroneous if, after reviewing the entire record, the court is left with the definite and firm impression that a mistake has been made." *State v.*

---

**2.** We note that Appellant has failed to comply with the applicable rules of appellate procedure in setting forth the facts relevant to this case. Appellant has failed to provide any citation to the record in support of most of his factual statements and arguments in violation of Rule 84.04(i), apparently believing that this Court should bear the burden of finding support in the record for his contentions. Such disregard of Rule 84.04(i) wastes the time and resources of this court and thereby results in unfairness to parties with appeals pending who have observed the requirements of Rule

84.04. *Kent v. Charlie Chicken, II, Inc.,* 972 S.W.2d 513, 516 (Mo.App. E.D.1998). However, while we do not condone any noncompliance with the rules, appeals should be decided on the merits if possible. *Brown v. Hamid,* 856 S.W.2d 51, 53 (Mo. banc 1993). Accordingly, we will exercise our discretion to review his claim in order to render a judgment on the merits.

**3.** Appellant attached to his motion one page that appears to be from a DFS log.

*Tyler,* 103 S.W.3d 245, 247 (Mo.App. E.D. 2003).

 "Section 547.035.1 allows for persons in the custody of the department of corrections to file a post-conviction motion for forensic DNA testing when they claim the results will demonstrate their innocence." *State v. Fults,* 98 S.W.3d 877, 879 (Mo.App. E.D.2003).[4] "To be entitled to an evidentiary hearing on a post-conviction motion brought pursuant to Section 547.035, the movant must allege facts demonstrating that (1) there is evidence upon which DNA testing can be conducted; (2) the evidence was secured in relation to the crime; (3) the evidence was not previously tested by the movant;[5] (4) identity was an issue in the trial; and (5) a reasonable probability exists that the movant would not have been convicted if exculpatory results had been obtained through the requested DNA testing." *Snowdell,* 90 S.W.3d at 514 (citing § *547.035.2* ). "Following the proper filing of the motion, the court will issue a show-cause order to the prosecutor unless the motion establishes that the movant is not entitled to relief, or the 'court finds that the files and records of the case conclusively show that the movant is not entitled to relief.' " *Fults,* 98 S.W.3d at 879 (quoting § *547.035.4* ).

In his motion for DNA testing, Appellant contended that a pelvic examination and a pregnancy test[6] were performed on one of the victims on June 27, 1989, and presumed that samples upon which DNA testing could be performed must have been obtained during that exam. Even if such a presumption were proper, Appellant failed to plead any facts indicating that any samples taken at that time were obtained proximate in time to any of the acts for which he was charged or to otherwise explain how such samples would contain any DNA relevant to the charges against him. Appellant was charged with conduct involving that victim that occurred in the spring of 1989, the final instance of which was to have happened in April or May 1989. The evidence presented at trial established that the sexual conduct all occurred between January 29, 1989, and the end of the school year in May 1989. Thus, the June 27, 1989 doctor's examination occurred well after any · of the events for which Appellant was charged. Appellant's motion wholly failed to explain how any samples obtained from the victim on June 27, 1989, would provide any DNA evidence relevant to the incidents for which he was charged.

In addition, in support of his claim that the evidence was secured in relation to the charged crimes, Appellant simply averred that his attached exhibit established that "the DFS worker informed the doctor what [sic] the examination was to be used for evidence purposes pertaining to the case." The exhibit relied on by Appellant does not support that averment. The exhibit simply states, in relevant part, "Worker called to make sure Dr. Humphrey understood why physical is necessary. Nurse stated that she would have him call, but he never did." Thus, the trial court did not clearly err in finding that Appellant failed to establish that samples taken by the doctor were "secured in relation to the crime."

---

4. "This relief is available without time limits and without regard to claims of error in the original trial, unlike Rule 29.15." *State ex rel. Nixon v. Jaynes,* 63 S.W.3d 210, 216 n. 6 (Mo. banc 2001).

5. Under § 547.035.2, the reason for the testing not being previously performed must be

because (a) the technology was not available at the time of trial, (b) the movant and counsel were not aware that the evidence existed at the time of trial, or (c) the evidence was unavailable.

6. The pregnancy test results indicated that the victim was not pregnant.

Furthermore, Appellant failed to sufficiently plead facts establishing that evidence existed at the time his motion was filed upon which DNA testing could be performed. A § 547.035 movant's motion must allege facts demonstrating that evidence related to the charged crime exists, that it is available for testing, and that DNA testing may be performed on the evidence. *State v. Tyler*, 103 S.W.3d 245, 248 (Mo.App. E.D.2003). Appellant merely claimed in his motion pleadings that unspecified samples, which he presumes were obtained in the course of the pelvic examination and pregnancy test, would have shown that he was innocent of the charges against him if DNA tests had been performed on them. Appellant failed to plead facts establishing that any samples taken by the victim's family physician had been retained since 1989 and were currently available for testing. Thus, Appellant's motion failed to identify any specific evidence currently existing upon which DNA testing could properly be performed, and the motion court properly denied his motion on that ground. *See Id.* at 248–49.

The motion court did not err in denying Appellant's motion for DNA testing without issuing a show cause order or holding an evidentiary hearing. Both Appellant's motion and the record conclusively establish that he is not entitled to relief under § 547.035. Point denied.

The judgment is affirmed.

All concur.