**STATE of Missouri, Plaintiff–Respondent,**

v.

**Wesley Eugene FIELDS, Defendant–Appellant.**

No. 27057.

Missouri Court of Appeals, Southern District, Division One.

March 29, 2006.

Wesley Eugene Fields, Jefferson City, Appellant Acting Pro Se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Linda Lemke, Assistant Attorney General, Jefferson City, for respondent.

NANCY STEFFEN RAHMEYER, Presiding Judge.

Wesley Eugene Fields ("Movant") was convicted of capital murder in 1973; his conviction was affirmed in 1984. Movant filed a motion for DNA testing pursuant to section 547.035,[1] which was denied by the trial court. Movant appeals claiming three points of error. We find no error and affirm the judgment.

■ The facts surrounding the incident which led to the conviction of Movant for capital murder provide the reasons why the trial court did not err in denying Movant's request for DNA testing. Briefly, from the direct appeal: "[Movant] was convicted of shooting and killing a man following a fight just outside a tavern. [Movant's] principal defense at trial was that he was in an intoxicated and drugged condition that prevented him from acting knowingly or purposely at the time of the shooting." *State v. Fields*, 668 S.W.2d 257 (Mo.App. S.D.1984). The murder weapon was taken from Movant and he was arrested at the scene of the crime.

In his first point, Movant claims error in the denial of his motion for DNA testing. To prevail in his motion, Movant had the burden to allege facts under oath demonstrating:

(1) There is evidence upon which DNA testing can be conducted; and

(2) The evidence was secured in relation to the crime; and

(3) The evidence was not previously tested by the movant because:

(a) The technology for the testing was not reasonably available to the movant at the time of the trial;

(b) Neither the movant nor his or her trial counsel was aware of the existence of the evidence at the time of trial; or

(c) The evidence was otherwise unavailable to both the movant and movant's trial counsel at the time of trial; and

(4) Identity was an issue in the trial; and

(5) A reasonable probability exists that the movant would not have been convicted if exculpatory results had been obtained through the requested DNA testing.

Section 547.035.2.

Movant did not, and cannot, allege facts to warrant relief under subsection (4) in that identity was not an issue at trial, nor is it an issue now; Movant did not contest the fact that he shot the victim at trial.[2] Additionally, although Movant alleges almost every item of evidence should have been tested for DNA, he failed to allege how any of that evidence, if tested, would exonerate him. A defendant is not entitled to DNA testing when he fails to explain how the testing of the items would exonerate him. *State v. Westcott*, 121 S.W.3d 543, 546 (Mo.App. W.D.2003). Point I is denied.

■ Point III is related to Point I and likewise has no merit. In Point III, Mov-

---

1. All references to statutes are to RSMo 2000, unless otherwise specified.

2. Movant now claims in this appeal for the first time that there was an inconsistency in the description of him on the night of the incident in one witness's statement at trial. That inconsistency does not rise to the level of a fact which puts his identity at issue.

ant claims an attorney should have been appointed for him and an evidentiary hearing held. For the same reasons as set forth in Point I, Movant failed to plead facts necessary to entitle him to a hearing under section 547.035.6.[3] Movant was not entitled to the appointment of counsel because he was not entitled to an evidentiary hearing. *State v. Fults,* 98 S.W.3d 877, 880 (Mo.App. E.D.2003). Point III is denied.

■ **Point II claims:**

Whether newly enacted statute allowing for DNA testing is unconstitutional on its face, and/or applied in an unconstitutional manner to deny equal protection of the law in violation of the 5th and 14th Amendments to the United States Constitution, where the Appellant has substantial evidence, that if properly tested and analysised [sic] would and could exonerate Appellant?

■ Point II leaves nothing for our review. "'The supreme court shall have exclusive appellate jurisdiction in all cases involving the validity of . . . a statute or provision of the constitution of this state. . . .'" *Rodriguez v. Suzuki Motor Corp.,* 996 S.W.2d 47, 51 (Mo. banc 1999) (quoting MO. CONST. art. V, sec. 3 (1945, as amended 1976)). While a challenge to a statute's validity may be proper on its face, this Court will not entertain the appeal if the allegation is pretextual or the claim is not real and substantial but merely colorable. *Id.; State v. Dillard,* 158 S.W.3d 291, 302 (Mo.App. S.D.2005). A constitu-

tional claim is colorable when preliminary inquiry demonstrates that Movant's contention is "so obviously unsubstantial and insufficient, in fact or in law, as to be plainly without merit." *Dillard,* 158 S.W.3d at 302.

■ When the challenge is one of first impression, this generally indicates that a constitutional challenge is real and substantial and made in good faith. *Rodriguez,* 996 S.W.2d at 52. Even if the Supreme Court of the United States has visited an issue, the Supreme Court of Missouri can still exact jurisdiction when it has yet to review the issue. *Id.* Jurisdiction is proper even in those instances where the challenge is ultimately rejected on the merits by unanimous decision. *Id.* Further, a constitutional issue is only preserved if the issue is raised "at the earliest opportunity and preserved at each step of the judicial process." *Sharp v. Curators of University of Missouri,* 138 S.W.3d 735, 738 (Mo.App. E.D.2003). The issue must be presented to the trial court and the trial court must make a ruling upon the issue in order for the issue of constitutional validity to be preserved. *Id.* In addition, "the point raised on appeal must be based upon the theory advanced at the trial court." *Id.*

Prior to this brief on appeal, Movant had not raised the issue of the constitutional validity of section 547.035. The trial court, which was presented only with Movant's motion for DNA testing pursuant to sections 547.035, found that Movant is not

---

3. Section 547.035.6 states:
   If the court finds that the motion and the files and records of the case conclusively show that the movant is not entitled to relief, a hearing shall not be held. If a hearing is ordered, counsel shall be appointed to represent the movant if the mov-
   ant is indigent. The hearing shall be on the record. Movant need not be present at the hearing. The court may order that testimony of the movant shall be received by deposition. The movant shall have the burden of proving the allegations of the motion by a preponderance of the evidence.

entitled to relief under section 547.035 and that the identity of Movant was not an issue at his trial. Movant did not raise the issue of the constitutional validity of section 547.035 until this appeal and the trial court did not rule on that issue; therefore, the issue of constitutional validity of section 547.035 has not been properly preserved. Point II is denied.

The judgment is affirmed.

PARRISH and LYNCH, JJ., concur.