NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 190120-U

NO. 4-19-0120

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 26, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| DARMEL L. SMITH, | ) | No. 13CF1978 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Heidi N. Ladd, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Presiding Justice Steigmann and Justice Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed the trial court's judgment denying defendant's motion for testing pursuant to section 116-3 of the Code of Criminal Procedure (725 ILCS 5/116-3 (West 2018)), concluding the footwear comparison analysis which defendant requested was not provided for under the statute.

¶ 2    Defendant, Darmel L. Smith, appeals from the trial court's judgment denying his motion for testing pursuant to section 116-3 of the Code of Criminal Procedure (Procedure Code) (725 ILCS 5/116-3 (West 2018)). Defendant, proceeding *pro se*, argues this court should reverse the trial court's judgment to the extent it denied his request for a footwear comparison analysis. We affirm.

¶ 3                              I. BACKGROUND

¶ 4    Following a December 2014 jury trial, defendant was convicted of first degree

murder and sentenced to 52 years' in prison. Defendant's conviction and sentence were later affirmed on direct review and survived a collateral attack. See *People v. Smith*, 2017 IL App (4th) 150209-U (affirming defendant's conviction and sentence on direct review); *People v. Smith*, 2019 IL App (4th) 180570-U (affirming the dismissal of defendant's amended postconviction petition).

¶ 5        In September 2018, defendant filed a *pro se* motion for testing pursuant to section 116-3 of the Procedure Code (725 ILCS 5/116-3 (West 2016)). Defendant requested, *inter alia*, an analysis comparing the size and sole design of a pair of his shoes to bloody footprints found at the crime scene. Defendant asserted the analysis "would provide shoe sizes and sole designs that are inconsistent with" each other, which, in turn, would "cast greater reasonable doubt of [his] guilt and a greater probability of acquittal."

¶ 6        In January 2019, the trial court, after receiving a response from the State and a reply from defendant, entered a written order denying defendant's motion for testing. As to defendant's request for a footwear comparison analysis, the court found (1) the requested analysis was not provided for under section 116-3 of the Procedure Code, (2) defendant did not establish the evidence he sought to have compared was sufficiently preserved, and (3) defendant did not establish the results from any comparison would be material.

¶ 7        This appeal followed.

¶ 8                                   II. ANALYSIS

¶ 9        On appeal, defendant argues this court should reverse the trial court's judgment to the extent it denied his request for a footwear comparison analysis. The State disagrees.

¶ 10        Defendant asserts, contrary to the finding of the trial court, his request for an

analysis comparing the size and sole design of a pair of his shoes to bloody footprints found at the crime scene did not "fall[ ] outside the scope of what the legislature has authorized for forensic testing" under section 116-3 of the Procedure Code.

¶ 11       In reviewing a statute, our primary objective "is to ascertain and give effect to the true intent of the legislature." *People v. Clark*, 2019 IL 122891, ¶ 18, 135 N.E.3d 21. "The most reliable indicator of legislative intent is the language of the statute, given its plain and ordinary meaning." *Id.* ¶ 20.

¶ 12       Section 116-3(a) of the Procedure Code provides: "A defendant may make a motion before the trial court that entered the judgment of conviction in his or her case for the performance of fingerprint, Integrated Ballistic Identification System, or forensic [deoxyribonucleic acid (DNA)] testing ***." 725 ILCS 5/116-3(a) (West 2018). This language is clear and unambiguous. Section 116-3 provides only for fingerprint, Integrated Ballistic Identification System, and forensic DNA testing. See *People v. O'Connell*, 227 Ill. 2d 31, 37, 879 N.E.2d 315, 319 (2007) ("Where a statute lists the things to which it refers, there is an inference that all omissions should be understood as exclusions." (Internal quotation marks omitted.)).

¶ 13       Accordingly, defendant, as a matter of law, has no basis under section 116-3 to seek an analysis comparing the size and sole design of a pair of his shoes to bloody footprints found at the crime scene. See *People v. Barrow*, 2011 IL App (3d) 100086, ¶ 35, 954 N.E.2d 895 (concluding the plain language of section 116-3 did not provide for an analysis comparing the soles of the defendant's shoes to a plywood impression); *People v. Pursley*, 341 Ill. App. 3d 230, 235, 792 N.E.2d 378, 382 (2003) (concluding the plain language of the section 116-3 in effect at

the time did not provide for ballistic testing). On this ground alone, the trial court's denial of defendant's request for a footwear comparison analysis under section 116-3 can be sustained.

¶ 14        In reaching this decision, we note defendant, for the first time in his reply brief, argued section 116-3 is unconstitutional as applied to him. Defendant's failure to raise his argument in his initial brief resulted in its forfeiture for purposes of appeal. See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."). Consequently, we did not consider it further.

¶ 15                              III. CONCLUSION

¶ 16        We affirm the trial court's judgment.

¶ 17        Affirmed.